IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| James T. Bellamy,<br><br>                    Plaintiff,<br><br>vs.<br><br>Donald Bauknecht, Warden,<br><br>                    Defendant. | Civil Action No. 6:07-2656-RBH-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2241.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

## BACKGROUND OF THE CASE

On July 10, 2000, the petitioner was arrested by South Carolina law enforcement authorities for absconding from an appeal bond, after being convicted and sentenced in state court to a term of eight years for possession of crack cocaine (resp. m.s.j., ex. 4, Pauley aff. ¶ 4). Following this arrest, the eight-year South Carolina state sentence commenced, and the petitioner remained in exclusive state custody. On March 6, 2001, an indictment was filed in the United States District Court for South Carolina charging the petitioner with conspiracy to possess with intent to distribute 50 grams or more of cocaine base, and felon in possession of ammunition (*id.* at ¶ 5). While serving his state

sentence, the petitioner was borrowed several times from the South Carolina Department of Corrections ("SCDC") by the United States Marshals Service ("USMS") via a writ of habeas corpus *ad prosequendum* for trial on the federal indictment (*id.* at ¶ 7).

On May 29, 2001, the petitioner appeared in United States District Court and pleaded guilty to the offenses committed between January 1, 1995, through March 6, 2001, and July 10, 2000. On January 16 and 17, 2002, he was sentenced to 210 months imprisonment in the Federal of Bureau of Prisons ("BOP") (*id.* at ¶ 8). The federal term was to run concurrent with the state term the petitioner was already serving in the SCDC (resp. m.s.j., ex. 1; Pauley aff. ¶ 10).

On February 7, 2003, the petitioner was paroled from his state sentence and was turned over to the exclusive custody of the USMS (Pauley aff. ¶ 8). On March 28, 2003, the petitioner arrived at a BOP institution for service of his federal sentence (*id.* at ¶ 9). The petitioner's federal sentence had been computed as commencing on January 16, 2002, the day it was imposed (*id.*; resp. m.s.j., ex. 2). The petitioner had been awarded no prior custody credit as he was serving a state sentence from the date of his offense through the date he was sentenced in federal court (Pauley aff. ¶11). The petitioner is eligible to earn 823 days of Good Conduct Time, which results in a projected release date of April 13, 2017 (*id.* at ¶ 9.)

On November 23, 2005, the petitioner filed a motion to amend or correct judgment in his federal criminal case, and on May 15, 2006, he filed a motion to correct judgment. The petitioner argued that the court intended his sentence to retroactively commence on the same date that he had begun serving an earlier imposed state sentence and that the BOP was incorrectly imposing his sentence. On October 17, 2006, the sentencing judge, the Honorable C. Weston Houck, now Senior United States District Judge, denied the petitioner's motions, noting that the court did not intend the sentence to commence retroactively and therefore did not clearly indicate retroactive commencement.

The court noted that absent a court's clear indication, retroactive commencement of a sentence conflicts with 18 U.S.C. § 3585. *U.S.A. v. Bellamy*, 4:01-cr-00293-CWH, doc. no. 51, 10/17/06 Order.

The petitioner is currently incarcerated at the Federal Correctional Institution ("FCI") Williamsburg, South Carolina, and has a projected release date of April 13, 2017, via Good Conduct Time release (resp. m.s.j., ex. 2). In the instant petition, the petitioner alleges that he is entitled to have a reduction in his federal sentence for time spent in custody from March 21, 2001, through February 2, 2003, that was not applied to his federal sentence. He contends this credit should have been granted as his federal sentence was to run concurrent to his state sentence.

On September 24, 2007, the respondent filed a motion to dismiss or, in the alternative, for summary judgment. By order filed September 25, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On November 19, 2007, the petitioner filed his opposition to the respondent's motion.

### APPLICABLE LAW AND ANALYSIS

The respondent has moved for dismissal of this action pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted or, in the alternative, for summary judgment pursuant to Rule 56. As matters outside the pleadings have been presented by the respondent and have not been excluded by this court, the motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) shall be treated as one for summary judgment pursuant to Rule 56. *See* Fed.R.Civ.P. 12(b)(6).

Rule 56 states, as to a party who has moved for summary judgment:

3

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be

4

counted." *Anderson,* 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

The execution of sentences and the computation of jail time is an administrative function under the authority of the Attorney General, who has delegated this task to the BOP, including the responsibility for computing time credits and determining a sentence termination date once the defendant actually commences serving his sentence. *United States v. Wilson*, 503 U.S. 329, 335 (1992). In a habeas proceeding where computation of a federal sentence is at issue, a court must consider two separate matters: when the federal sentence commences and to what extent the defendant can receive credit for time spent in custody prior to commencement of sentence. *Pettey v. Sherman*, C.A. No. 05-131, 2006 WL 1878327, **2-3 (W.D. Pa. Jul. 6, 2006) (slip copy).

In making the first decision, the statutory provision that pertains to the commencement of a federal sentence states:

> **Commencement of sentence** - A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a).

The BOP has promulgated a Program Statement which provides guidance in the application of this statute (resp. m.s.j., ex. 5, Program Statement 5880.28, Sentence Computation Manual-CCCA). This Program Statement provides:

> If the prisoner is serving no other federal sentence at the time the sentence is imposed, and is in exclusive federal custody (not under the jurisdiction of a federal writ of habeas corpus *ad prosequendum*) at the time of sentencing on the basis of the conviction for which the sentence is imposed, the sentence commences on the date of imposition, even if a state sentence is running along concurrently.
> ***

> **In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed.**

Resp. m.s.j., ex. 5 (emphasis in original).

The petitioner's federal sentence commenced on January 16, 2002, the day the sentence was imposed. As the court ordered the federal sentence to run concurrently with the state sentence he was already serving, his federal sentence began on the same day (resp. m.s.j., ex. 1).

On the second decision, as to what extent a prisoner is entitled to receive credit for time spent in custody prior to commencement of sentence, the BOP is instructed:

> **Credit for prior custody** - A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

18 U.S.C. § 3585(b). The guidelines the BOP has promulgated for the awarding of prior custody credit are also found in Program Statement 5880.20 (resp. m.s.j., ex. 5, pp. 000004-000037). Pursuant to § 3585(b), the petitioner is ineligible for prior custody credit toward his federal sentence. The petitioner received prior custody credit (March 15, 1994, through March 16, 1994, and December 8, 1994, through December 9, 1994) toward his state sentence. However, this time period was prior to his federal date of offense; therefore, he is not eligible for this credit toward his federal sentence (Pauley aff. ¶ 6).

BOP policy provides that credit will not be given for any portion of time spent serving another sentence regardless of whether the sentence is federal, state, or foreign (resp. m.s.j., ex. 5, p. 000017). To award the petitioner with credit toward his federal sentence for time he actually spent serving another sentence would result in him receiving

dual credit. The courts have consistently held that offenders cannot receive dual credit. *See Sinito v. Kindt*, 954 F.2d 467, 470 (7th Cir. 1992); *McIntyre v. United States*, 508 F.2d 403, 404 (8th Cir. 1975); *Vignera v. Attorney General of the United States*, 455 F.2d 637, 638 (5th Cir. 1972). The respondent argues that the petitioner was serving his state sentence for approximately two years prior to the date he was sentenced in federal court. If the petitioner had been in exclusive federal custody during the service of his state sentence, there would have been no need for the issuance of the writs of habeas corpus *ad prosequendum*.

The respondent further argues that the petitioner is also not entitled to any reduction in his federal sentence for the time periods he was borrowed by the USMS from the SCDC to appear in federal court pursuant to a federal writ of habeas corpus *ad prosequendum* (Pauley aff. ¶13). The BOP does not award time spent in custody under a writ of habeas corpus from non-federal custody, because the primary reason for writ custody is not the federal charge; however, the court merely borrows the prisoner under secondary custody (resp. m.s.j., ex. 5, p. 000022). Additionally, courts have consistently held that a federal sentence does not begin to run when a federal defendant is produced for prosecution by a writ of habeas corpus *ad prosequendum* from state custody. *See, e.g., Stewart v. Bailey*, 7 F.3d 384, 389 (4th Cir. 1993)("a prisoner is not even 'in custody' when he appears in another jurisdiction's court pursuant to an *ad prosequendum* writ; he is merely 'on loan' to that jurisdiction's authorities"); *United States v. Smith*, 812 F.Supp. 368, 374-5 (E.D. N.Y. 1993) (holding that defendant was not entitled to credit his federal sentence for two years he spent in federal custody under writ of habeas corpus *ad prosequendum*, where defendant remained under primary jurisdiction of New York State, his state sentence continued to run, and he received credit on state sentence for time served under writ).

7

The respondent has presented evidence that when the petitioner was "borrowed" by the USMS to appear in federal court, his state sentence continued to run. Furthermore, the petitioner has received credit toward his federal sentence from January 16, 2002, through February 2, 2003, as his federal sentence commenced on January 16, 2002. This court agrees and finds that the petitioner has received all of the prior custody credit toward his federal sentence that he is lawfully entitled to, and his federal sentence has been computed correctly in accordance with all applicable statutes and law.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the respondent's motion for summary judgment be granted and the petitioner's motion for summary judgment be denied.

> s/William M. Catoe
> United States Magistrate Judge

June 11, 2008

Greenville, South Carolina