UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| JAMES T. BELLAMY, ) | Civil Action No.: 6:07-cv-2656-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| DONALD BAUKNECHT, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner, currently incarcerated at Williamsburg Federal Correctional Institution in Salters, South Carolina, brought this action seeking relief pursuant to 28 U.S.C. § 2241.

Pending before the court is Respondent's [Docket Entry #8] motion to dismiss or, in the alternative, for summary judgment filed on September 24, 2007. This matter comes before the court with the Report and Recommendation [Docket Entry #13] of Magistrate Judge William M. Catoe filed on June 11, 2008.[1]

The Magistrate Judge recommended that summary judgment be granted in favor of the Respondent and that Petitioner's petition be dismissed. Petitioner filed objections [Docket Entry #15] to the Magistrate Judge's Report and Recommendation on June 23, 2008.

The issue in this case concerns the date Petitioner's federal sentence commenced and whether Petitioner should receive credit towards his federal sentence for time served in South Carolina state custody. Specifically, Petitioner claims that the time period between the date of his arrest on the federal indictment (March 21, 2001) and the date he was paroled from South Carolina state custody (February 2, 2003) should be applied towards the completion of his

---

[1] This matter was referred to Magistrate Judge Catoe pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02.

federal sentence.

## Background

On March 6, 2001, Petitioner was indicted by federal authorities for conspiracy to possess with intent to distribute 50 grams or more of cocaine base and felony possession of a firearm. At the time Petitioner was indicted by federal authorities, Petitioner was serving an eight-year South Carolina state sentence for possession of crack cocaine.

On May 29, 2001, Petitioner pled guilty to the federal charges. Petitioner was sentenced to 210 months imprisonment on January 16 and 17, 2002 by United States District Judge C. Weston Houck. The federal sentence was to run concurrent with the South Carolina state sentence the Petitioner was already serving. Petitioner claims that he should receive credit towards his federal sentence for the period between March 21, 2001 through February 2, 2003.

The Magistrate Judge found that Petitioner's federal sentence commenced on the date he was sentenced, January 16, 2002.

The Magistrate Judge found that Petitioner had, in fact, received credit for time served during the period between the imposition of his federal sentence (January 16, 2002) and the date of his parole from South Carolina state custody (February 2, 2003). With regard to the time period between the date of his arrest on the federal indictment (March 21, 2001) and the imposition of his federal sentence (January 16, 2002), the Magistrate Judge found that, under 18 U.S.C. § 3585, Petitioner was not entitled to receive credit towards his federal sentence for that period.

**Standard of Review**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1). However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

**Discussion**

In his objections to the Magistrate Judge's Report and Recommendation, Petitioner argues that because his federal sentence was to run "concurrent" with his state sentence, his federal sentence should have commenced retroactively on the date his state sentence began. Petitioner seems to equate the term "concurrent" with the term "retroactive."

However, Judge Houck made clear that Petitioner's sentence was to run concurrently with the state sentence, not retroactively. Judge Houck stated specifically that he did not intend for Petitioner's federal sentence to commence retroactively. *See United States v. Bellamy*, Crim. No. 4:01-293-CWH, [Docket Entry #51].

Furthermore, this court agrees with the Magistrate Judge that Petitioner has received all of the credit towards his federal sentence to which he is entitled, i.e. the period between the

date of imposition of his federal sentence (January 16, 2002) and the date of his parole from South Carolina state custody (February 2, 2003). Petitioner is not entitled to receive credit towards his federal sentence for the time he spent in state custody before his federal sentence was imposed (March 21, 2001 to January 16, 2002). *United States v. Rivers*, 329 F.3d 119 (2d Cir. 2003); *United States v. Dennis*, 926 F.2d 768 (8th Cir. 1991). As the Magistrate Judge noted, to award the Petitioner with credit toward his federal sentence for time he actually spent serving another sentence would result in him receiving dual credit, a result which courts have consistently rejected. *See Sinito v. Kindt*, 954 F.2d 467, 470 (7th Cir. 1992); *McIntyre v. United States*, 508 F.2d 403, 404 (8th Cir. 1975); *Vignera v. Attorney General of the United States*, 455 F.2d 637, 638 (5th Cir. 1972).

## Conclusion

Having reviewed the record and applicable law, the court agrees with the recommendations of the Magistrate Judge and finds that the Magistrate Judge correctly applied the law to the facts of this case. The court has reviewed Petitioner's objections and finds that they are without merit.

Accordingly, the court overrules Petitioner's objections and adopts and incorporates by reference the Report and Recommendation [Docket Entry #13] of the Magistrate Judge. Respondent's [Docket Entry #8] motion for summary judgment is **GRANTED**. This case is hereby **DISMISSED with prejudice**.

**IT IS SO ORDERED**.

Florence, South Carolina                                            s/ R. Bryan Harwell
July 11, 2008                                                       R. Bryan Harwell
                                                                    United States District Court